FILED
July 23, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

NO. 03-14-00545-CR

IN THE COURT OF APPEALS
THIRD SUPREME JUDICIAL DISTRICT
AT AUSTIN, TEXAS

RICHARD LEE POLLARD,
APPELLANT

-VS-

THE STATE OF TEXAS,
APPELLEE

APPEAL FROM THE 424TH JUDICIAL DISTRICT COURT
CAUSE NO. CR6692
LLANO COUNTY, TEXAS

THE HONORABLE DAN MILLS, JUDGE PRESIDING

APPELLANT'S BRIEF


RECEIVED
JUL 2 3 2015
THIRD COURT OF APPEALS
JEFFREY D. KYLE

RICHARD LEE POLLARD PRO SE
TDCJ# 01934170
WALLACE PACK UNIT
2400 WALLACE PACK Rd.
NAVASOTA, TEXAS 77868

ORAL ARGUMENT NOT REQUESTED

## IDENTITY OF THE PARTIES.

APPELLANT:
RICHARD LEE POLLARD #01934170
WALLACE PACK UNIT
2400 WALLACE PACK Rd.
NAVASOTA, TEXAS 77868

TRIAL COUNSEL FOR APPELLANT
MR. RICHARD D. DAVIS SBN 05537100
MR. BARTON JOSEPH VANA SBN 24084441
P.O. BOX 398
BURNETT, TEXAS 78611

ORIGINAL APPELLANT COUNSEL FOR APPELLANT
MR. RICHARD D. DAVIS SBN 05537100
P.O. BOX 398
BURNETT, TEXAS 78611

PRO SE APPELLANT COUNSEL FOR APPELLANT
RICHARD LEE POLLARD #01934170
WALLACE PACK UNIT
2400 WALLACE PACK Rd
NAVASOTA, TEXAS 77868

TRIAL COUNSEL FOR APPELLEE
ANTHONY J. DODSON SBN 05927200
ROBERT BLAKE EWING SBN 24076376
DISTRICT ATTORNEY'S OFFICE
1701 E. POLK ST., STE 24
BURNETT, TEXAS 78611

APPELLATE COUNSEL FOR APPELLEE
GARY BUNYARD - DISTRICT ATTORNEY'S OFFICE
811 BERRY ST.
LLANO, TX 78643

ii

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES _ _ _ _ _ _ _ _ _ _ _ _ _ _

TABLE OF CONTENTS _ _ _ _ _ _ _ _ _ _ _ _

TABLE OF AUTHORITIES _ _ _ _ _ _ _ _ _ _ _ _ _ _

STATEMENT OF THE CASE _ _ _ _ _ _ _ _ _ _ _ _

ISSUES PRESENTED _ _ _ _ _ _ _ _ _ _ _ _ _

STATEMENT OF THE FACTS _ _ _ _ _ _ _ _ _ _ _

SUMMARY OF POSSIBLE ARGUABLE ISSUES _ _ _ _ _ _ _

PRAYER _ _ _ _ _ _ _ _ _ _ _ _ _ _

CERTIFICATE OF SERVICE _ _ _ _ _ _ _ _ _ _ _ _

CERTIFICATE OF COMPLIANCE _ _ _ _ _ _ _ _ _

# TABLE OF AUTHORITIES

CASES:

ANDERS -V- CALIFORNIA
386 US 738, 87 S.CT. 1346, 18 L.Ed. 2d 492 (1967 _ _ _ _ _ _ _

APPREIDI -V- NEW JERSEY
120 S.CT. 2348 (2000) _ _ _ _ _ _ _ _ _

CAMPBELL -V- TEXAS
49 SW 3d 874 (2001) _ _ _ _ _ _ _ _

CRAIG -V- BETO 4
458 F. 2d 1131 (5TH CIRCUIT 1972) _ _ _ _ _ _ _

FED. RULE OF EVID. 410
SHARIF -V- PICONE 740 F. 3d 263 (3rd CIRCUIT 2014) _ _ _ _ _
PATTERSON -V- STANLEY 547 F. APPX 510 (5TH CIRCUIT _ _ _ _ _ _

NEESLEY -V- TEXAS
239 F. 3d 780 (2007) _ _ _ _ _ _ _ _

WILSON -V- KNOWLES
638 F. 3d 1213 (9TH CIRCUIT 2011) _ _ _ _ _ _ _

STATUTES:

UNITED STATES CONSTITUTION
AMENDMENT 6 _ _ _ _ _ _ _ _

UNITED STATES CONSTITUTION
AMENDMENT 8 _ _ _ _ _ _ _

## STATEMENT OF THE CASE

APPELLANT WAS INDICTED FOR DRIVING WHILE INTOXICATED, 3RD OR MORE, ENHANCED. HE PLEADED NOT GUILTY AND PROCEEDED TO TRIAL BY JURY. THE JURY CONVICTED APPELLANT, AND THE SAME JURY ASSESSED HIS PUNISHMENT AT LIFE. APPELLANT THEN FILED A TIMELY NOTICE OF APPEAL

## ISSUES PRESENTED

INEFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND APPEAL (SAME LAWYER)

ILLEGAL ENHANCEMENT(S)

ILLEGAL JOINDER OF CAUSES

ILLEGAL/IMPROPER ARRESTS BY LAW OFFICERS

HISTORY OF APPLICANT'S HEALTH

ANDERS -V- CALIFORNIA 386 U.S 728, 87 S.Ct. 1396, 18 L.Ed 452

## STATEMENT OF FACTS

APPELLANT WAS INDICTED FOR DRIVING WHILE INTOXICATED, ENHANCED BY TWO PREVIOUS, SEQUENTIAL FINAL FELONY CONVICTIONS. THE STATE REQUESTED TO TAKE DEPOSITION OF WITNESS WHICH WAS NOT OBJECTED TO. BEFORE JURY SELECTION, THE STATE REQUESTED TO AMEND ONE OF THE ENHANCEMENT PROVISIONS OF THE INDICTMENT BY REMOVING SEVERAL ZEROS FROM A CAUSE NUMBER IN THE INDICTMENT. THE DEFENSE OBJECTED, BUT THE TRIAL COURT FOUND THAT THE DEFENSE COULD NOT SHOW ANY SURPRISE BY THE STATE MOTION.

V.

<u>STATEMENT OF THE CASE</u>

ON MAY 28, 2013 JERRY BIGGERSTAFF WAS DRIVING FROM ODESSA BACK TO HIS HOME IN THE AUSTIN AREA. HIS SON AND WIFE WHO WERE DRIVING ANOTHER CAR FOLLED HIM. OUTSIDE OF THE CITY LIMITS OF LLANO, TEXAS ON HIGHWAY 71, THEY CAME UPON A GOLD-COLORED CAR THAT SWERVED OVER THE ROAD, EVEN OFF THE ROAD. THAT VEHICLE ALSO DISPLAYED ERRATIC SPEED. MR. BIGGERSTAFF CALLED 911 TO REPORT THE VEHICLE. SEVERAL OTHER UNIDENTIFIED CALLERS ALSO REPORTED THE GOLD VEHICLE TO 911.

OFFICER ALLYN RUB OF THE LLANO POLICE DEPARTMENT STOPPED THE VEHICLE AT AN INTERSECTION IN TOWN. THE OFFICER NOTICED THE SMELL OF ALCOHOLIC BEVERAGE AND ASKED MR. POLLARD TO STEP OUT OF THE CAR. WHEN HE DID, MR. POLLARD USED AN ARM CANE TO HELP HIM WALK. THE OFFICER ALSO TESTIFIED MR. POLLARD WAS UNSTEADY (BECAUSE HE ONLY BROUGHT 1 CANE WITH HIM - NOT ANTICIPATING GETTING OUT OF THE CAR). TROOPER MARK CHAMBERS ALSO APPEARED AND WAS TO ASSIST WITH THE FIELD SOBRIETY TESTS. HOWEVER, THEY WERE NOT ADMINISTERED BECAUSE HE COULD NOT PERFORM THEM (BECAUSE OF HIS HANDICAP). MR. POLLARD WAS ARRESTED FOR DRIVING WHILE INTOXICATED. THE OFFICERS DID NOT OBSERVE DIABETIC PROTOCOL "ARE YOU ALRIGHT?", "ARE YOU DIABETIC?", "DO YOU NEED TO SEE A DOCTOR?" IN FACT, BOTH OFFICERS CLAIMED THEY HAD NEVER HEARD OF IT. HAD THEY FOLLOWED PROTOCOL, THEY WOULD HAVE TAKEN HIM TO A HOSPITAL - NOT FOR A BLOODALCOHOL TEST - BUT A "FINGER-STICK" TO TEST HIS BLOOD SUGAR/GLUCOSE LEVEL. WHICH WOULD HAVE SHOWN THAT HE WAS HAVING A "DIABETIC EVENT"- NOT DWI - MEDICAL EMERGENCY! (MR. POLLARD IS A CHRONIC DIABETIC" AND OFTEN DO NOT KNOW THEY ARE HAVING AN EVENT - THEY JUST FEEL "GOOD". MR. POLLARD <u>DID NOT</u> CONSENT TO THE BLOOD DRAW - BUT THEY TOOK IT ANYWAY. THE BLOOD/ALCOHOL TEST CAME BACK ABOUT TWICE THE LIMIT. WHICH IT WOULD HAVE ANYWAY <u>BECAUSE OF MR. POLLARD'S DIABETIC CONDITION.</u>

BASED ON THIS "SPURIOUS" EVIDENCE, THE JURY CONVICTED APPLICANT WITH FELONY DRIVING WHILE INTOXICATED. DURING THE PUNISHMENT PHASE, THE STATE INTRODUCED EVIDENCE OF ANOTHER DWI. WHICH OCCURRED WHILE APPLICANT WAS ON BOND. THE STATE ALSO USED AN ILLEGAL ENHANCEMENT OF A "NOLO CONTENDERE" PLEA FROM 1981 (CANNOT BE USED IN ANY SUBSEQUENT CHARGE). WHICH BRINGS TO OUR ATTENTION THE FACTS OF THAT ORIGINAL CHARGE. MR. POLLARD WAS FOUND GUILTY BECAUSE HIS BLOOD/ALCOHOL LEVEL WAS MORE THAN TWICE THE LIMIT! <u>HOWEVER</u> —

1.

AS STATED IN STATE-V-NERSLEY 239 S.W.3d 78,785 (2007) 1) W 1 BLOOD CONTAMINATION A DOCTOR LYKISSA-SCIENTIFIC DIRECTOR OF EXPERTOX LABS, HOUSTON. TX, PHD & MEDICAL DEGREES - TEACHES AT BAYLOR COLLEGE OF MEDICINE - WORKS WITH LAW ENFORCEMENT, STATE AND FEDERAL AGENCIES ON TOXICOLOGY & PROTOCOL ISSUES - AGREED THAT THE BLOOD/ALCOHOL TEST WAS CONTAMINATED BECAUSE SALINE AND LACTATE ARE GIVEN BY FIRST RESPONDS TO PATIENTS TO HYDRATE THEM AND TO MAKE UP FOR BLOOD VOLUME LOST TO BLEEDING... LYKISSA'S FINAL ANSWER ON REDIRECT WAS THAT WHEN A FOREIGN SUBSTANCE IN THIS CASE, SALINE IS MIXED WITH BLOOD, THE INTEGRITY OF THE SPECIMEN IS COMPROMISED AND "YOU CANNOT HAVE A VALID SPECIMEN."

## INEFFECTIVE ASSISTANCE OF BOTH TRIAL AND APPEAL COUNSEL

BECAUSE BOTH ATTORNEY'S WERE THE SAME MAN, HE DID LITTLE TO CHAMPION HIS CLIENTS CAUSE - NEVER TOLD THE JURY THAT HIS CLIENT WAS A "CHEMICAL DIABETIC" AND THAT DESPITE NOT HAVING AN ALCOHOLIC BEVERAGE, HIS CLIENT WOULD REGISTER AS DRUNK BECAUSE OF HIS "CHEMICAL DIABETES" - NEVER MENTIONED THAT HIS CLIENT'S "NOLO PLEA" COULD NOT BE USED IN ANY CRIMINAL CASE.

## CRUEL AND UNUSUAL PUNISHMENT

MR. POLLARD'S ATTORNEY NEVER MENTIONED THAT HIS CLIENT WAS SEVERELY PUNISHED BY LLANO COUNTY'S PLACING HIM IN AD-SEG - SOLITARY CONFINEMENT- FOR A WHOLE YEAR - WITHOUT AN EXAMINATION (WITHOUT A LOT OF EXAMINATIONS) THE STATED POLICY TO PLACE SOMEONE IN SOLITARY IS THAT HE HAS TO BE "EXTREMELY VIOLENT" A "GANG-LEADER OR PARTICIPANT," OR AN ESCAPE RISK." MR. POLLARD IS NONE OF THESE, BUT HIS ATTORNEY LEFT HIM "TO ROT" BACK THERE IN SEG. WHICH, YOU MIGHT NOTE, WHEN HE WAS TRANSFERRED TO THE BYRD UNIT IN HUNTSVILLE, AN EXAMINATION SHOWED HE HAD PERHAPS 10% OF HIS BLOOD REACHING HIS BRAIN! IS IT LEGAL TO TRY A MAN WHEN HE IS NOT COGNIZANT OF THE PROCEEDINGS? - A RAPID TRANSFER TO HUNTSVILLE MEMORIAL RESULTED IN "STENTS" REINFORCED IN HIS ARTERIES TO PROMOTE HEALTHY BLOOD-FLOW.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, APPLICANT PRAYS THIS HONORABLE COURT OVER-TURN THIS TRAVESTY OF A CONVICTION, AND GREAT MISCARRIAGE OF JUSTICE, AND GRANT THIS APPEAL IN APPLICANT'S FAVOR.

2.

# APPENDIX

NOLO CONTENDERE - I DO NOT WISH TO FIGHT - WHEREIN YOU PLEAD "NOLO" AND THROW YOURSELF ON THE MERCY OF THE COURT. SEE CRAIG-V-BETO 458 F.2d 816 (5th) APPRENDI-V-NEW JERSEY 120 S.Ct. 2348 (2000)

CRAIG-V-BETO 458 F.2d 1131 (5-72)
RE: ENHANCEMENT EXPIRED SENTENCE
YOU CAN ATTACK EXPIRED SENTENCES USED FOR ENHANCEMENT AT ANY TIME.

CAMPBELL 49 SW3d 874 (2001) ENHANCEMENT §12.35/12.42
A STATE JAIL FELONY CANNOT BE ENHANCED UNLESS THE CRIME WAS AGGRAVATED AND A FINDING OR "USE" OF A DEADLY WEAPON IS MADE - ALTERS THE PLEA AGREEMENT.

FEDERAL RULE OF EVIDENCE 410, EVIDENCE OF A NOLO CONTENDERE PLEAS NOT ADMISSIBLE IN CRIMINAL PROCEEDINGS. THIS IS DUE TO THE FACT THAT "A NOLO PLEA IS NOT A FACTUAL ADMISSION THAT THE PLEADER COMMITTED A CRIME". INSTEAD, IT IS A STATEMENT OF "UNWILLINGNESS TO CONTEST THE CHARGE AND ACCEPTANCE OF PUNISHMENT. SHARIF-V-PICONE 740 F.3d 263 (3rd CIRCUIT-2014) PATTERSON-V-STALLEY 547 F.APPX 510 (5th CIRCUIT-2013)

NEESLEY-V-STATE 239 SW3d 780 (07) BLOOD DRAW
COURT RULED THAT THE TRANSPORTATION CODE THAT AUTHORIZED A BLOOD DRAW, SPECIFIED THAT ONLY ONE DRAW WAS ALLOWED. HERE, THERE WAS A SECOND THAT WAS USED TO FIND A BLOOD/ALCOHOL LEVEL IN EXCESS OF .08% WHAT THE REPORT WOULDN'T TELL YOU THOUGH, IN THE SAME TRIAL, AN EXPERT TECHNICIAN STATED THAT NO BLOOD DRAW WILL EVER BE GOOD BEHIND USE OF AN I.V.!

WILSON-V-KNOWLES 638 F.3d 1213 (9th CIRCUIT - 2001) NOLO - USE PRIOR
CITING APPRENDI-V-N.J. 120 S.Ct. 2348 (2000) A PRIOR CONVICTION WHERE THE FACTS ARE NOT FOUND BY A JURY (NOLO PLEA) AS REQUIRED BY LAW FOR ENHANCEMENT OF CURRENT CONVICTION.

A.

<u>CERTIFICATE OF SERVICE</u>

IN COMPLIANCE WITH RULE 9.5 (d) OF THE TEXAS RULES OF APPELLATE PROCEDURE, THE UNDERSIGNED ATTORNEY CERTIFIES THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION WAS SERVED UPON THE LLANO COUNTY DISTRICT ATTORNEY'S OFFICE VIA US MAIL TO 811 BERRY ST, LLANO, TX 78643.

Richard Lee Pollard

RICHARD LEE POLLARD pro se
TDCJ # 01034170
WALLACE PACK UNIT
2400 WALLACE PACK Rd
NAVASOTA, TEXAS 77868

RICHARD LEE POLLARD #01934170
WALLACE PACK UNIT
2400 Wallace PACK Rd.
NAVASOTA, TX 77868

FOREVER

FOREVER

COURT OF APPEALS
THIRD DISTRICT OF TEXAS
P.O. Box 12547
AUSTIN, TEXAS 78711-2547

